# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | Case No. CR14-0125 |
| vs. | | ORDER FOR PRETRIAL DETENTION |
| DENNIS LEE KAPLAN, | | |
| Defendant. | | |

On the 8th day of December 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Steven K. Young. The Defendant appeared personally and was represented by his attorney, John D. Jacobsen.

## I. RELEVANT FACTS AND PROCEEDINGS

On December 2, 2014, Defendant Dennis Lee Kaplan was charged by Indictment (docket number 2) with possession of a firearm by a felon. At the arraignment on December 4, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on February 2, 2014.

Detective Mark Phippen of the Benton County Sheriff's Office testified regarding the circumstances underlying the instant charge. On August 21, 2014, law enforcement officers responded to Defendant's home after receiving a 911 call from Defendant's live-in girlfriend, Nicole Hackett. Hackett reported that during an argument, Defendant had gone to his mother's house, retrieved a shotgun, and came back to their trailer. After threatening Hackett, Defendant shot the shotgun out the open sliding door. Hackett was interviewed at the scene by Deputy Tippett of the Sheriff's office and repeated the story.

Eighteen days later, on September 8, 2014, Hackett provided a written victim impact statement which provided more detail. According to Phippen, Hackett wrote seven times that she was "scared" during the incident. Hackett also described an incident the prior evening, when Defendant was upset and brought a cattle prod into the trailer and made it "crack."

Defendant was also interviewed at the scene and admitted there was a gun, but told officers that he had put it away in the gun cabinet at his mother house. After Defendant was told that he was being arrested for possession of a firearm as a felon, Defendant said "there's BB guns in that cabinet also." A search of the gun cabinet at Defendant's mother's house next door revealed a 20 gauge Mossberg shotgun, together with two other long guns, a handgun, and some pellet guns. Detective Phippen testified that he was told by Defendant's nephew that Defendant admitted he had "screwed up" and fired a weapon.

After Defendant was released from state custody, he was committed by his mother to the psychiatric unit at St. Luke's Hospital in Cedar Rapids, where he remained for eight days. Defendant's mother reported that the doctors changed his medication and she has noticed "a change for the better" in Defendant's demeanor. Following his release from the hospital, and after Hackett had the state protective order cancelled, Hackett recanted her prior statements to police and claimed that the gun shot by Defendant was a BB gun.

Defendant is 41 years old. He has lived in Shellsberg his entire life. Prior to this incident, he was living in a trailer on his mother's property with his girlfriend, their 6-year-old son, and his girlfriend's 9-year-old son from a prior relationship. Defendant has been previously married twice and has a 14-year-old son from his second marriage. Defendant has been employed for the past month as a truck driver, and his employer confirmed that he could return to his employment if released.

Defendant told the pretrial services officer that he was diagnosed as bipolar in 2013, and has been treated by a psychiatrist at the Abbe Center every three months. As

2

previously noted, Defendant was committed to the psychiatric unit for eight days following this incident.

Defendant told the pretrial services officer that his alcohol consumption has never been problematic. He admitted using cocaine and methamphetamine on a daily basis between 2000 and 2002, but stated that he stopped using cocaine in 2002 and stopped using methamphetamine in 2003. He admitted trying marijuana in 2013 but "did not like it."

Defendant's criminal record dates back to 2002 when, at age 28, Defendant was charged with two counts of forgery in Linn County and one count of forgery in Benton County, together with seven counts of theft in the fifth degree in Benton County. While the charges were pending, Defendant was also charged, and later convicted, of theft in the second degree, interference with official acts bodily injury, and criminal mischief in the fifth degree. Defendant initially received deferred judgments on the forgery charges, but following a violation of his probation his deferred judgments were taken away and Defendant received a five-year suspended prison term on each count and was ordered to reside at a residential facility for one year.

While on probation, Defendant was charged with possession of a controlled substance as a precursor in Johnson County. He received a suspended prison term and was required to reside at a residential facility. Defendant was subsequently charged with voluntary absence and his probation was revoked in Linn County, Benton County, and Johnson County. Defendant was sent to prison on April 29, 2004 and paroled on July 1, 2005. His parole was revoked in December 2005, however, and he received an additional five-year prison term for escape of a felon in Benton County. He was paroled again on January 4, 2008 and discharged from parole on November 5, 2008.

On January 31, 2009, Defendant was charged in state court with 12 counts of purchasing more than 7,500 mg of pseudoephedrine. He was sentenced to pay a fine on one count in October 2010, with the remaining 11 counts dismissed. On August 21, 2014,

Defendant was charged in state court for the incident giving rise to the instant federal charge. The state court charges are still pending.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

4

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of a firearm as a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Notwithstanding Nicole Hackett's recent recantation, the Court believes the evidence against Defendant is strong. In her 911 call, Hackett said Defendant had discharged a shotgun. When interviewed at the scene, she gave the same story. Eighteen days later she provided even more detail in a written victim impact statement. It was not until after Defendant was released from a civil commitment that Hackett first claimed it was a BB gun used by Defendant. Similarly, Defendant did not suggest it was a BB gun until after he was advised by officers that he was going to be arrested for being a felon in possession of a firearm.

While Defendant has substantial ties to the community, I am concerned regarding the safety to the community if Defendant is released. Here, Defendant did not merely possess a firearm as a felon, he discharged the weapon during a domestic dispute. The prior evening, Defendant apparently made threatening remarks with a cattle prod. Two small children reside in the residence. The Defendant has mental health issues and poor impulse control. I believe his release would constitute a danger to the community generally, and specifically a danger to anyone living with him.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (December 4, 2014) to the filing of this Ruling (December 8, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.   18 U.S.C. § 3161(h)(1)(D).

DATED this 8th day of December, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA